Arnaldo Alonso _____ :
_____ :
_____ :
_____ :
_____ :
     PLAINTIFF

VS.
Northland Group, Inc. _____ :
_____ :
_____ :
_____ :
     DEFENDANT

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA
CASE NO. _____
JUDGE_____
DIV._____

**SUMMONS/NOTICE TO APPEAR FOR
PRETRIAL CONFERENCE**

Pretrial Information: Appear at
201 Southeast 6th Street, Fort Lauderdale, FL 33301
on 11/29/2016 at 9:00 AM in Central Ctroom 400.

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S):

Arnaldo Alonso
c/o Raslavich Law
3225 S. MacDill Ave, Ste. 129-272
Tampa, Florida 33629

Northland Group, Inc.
c/o CT Corporation Systems
1200 South Pine Island Road
Plantation, Florida 33324

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom_____, located at_____, _____ on _____ at_____ for a **PRETRIAL CONFERENCE** before a Judge of this court.   See Court Date Info Above

**IMPORTANT – READ CAREFULLY
THE CASE WILL NOT BE TRIED AT THAT TIME.
DO NOT BRING WITNESSES--APPEAR IN PERSON OR BY ATTORNEY.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE**. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a **WRITTEN** request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claim shall be served with this summons.

**DATED** at _____ Florida, on _____ OCT 27 2016 _____

Filed by:_____

Address:_____

_____

_____

HOWARD C. _____
AS CLERK OF THE COURT

By _____

HOWARD C. FORMAN

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, FL 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

NOT OFFICIAL COPY

### IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

ARNALDO ALONSO,

    Plaintiff,

v.                                  Case No.:

NORTHLAND GROUP, INC.,

    Defendant.

_____/

### NOTICE OF DESIGNATION OF EMAIL
### ADDRESS FOR SERVICE OF COURT DOCUMENTS

    RASLAVICH LAW, P.A., by and through the undersigned attorney, hereby designates the

following email address for use pursuant to the Florida Rule of Judicial Administration 2.516:

ben@raslavichlaw.com

### CERTIFICATION OF SERVICE

    **I DO HEREBY CERTIFY** that a true and correct copy of this document will be served

on the Defendant along with the summons in this action.

                            Respectfully Submitted,

                            */s/ Benjamin W. Raslavich*
                            **BENJAMIN W. RASLAVICH, ESQ.**
                            Florida Bar No.: 102808
                            E-mail:    Ben@raslavichlaw.com
                            RASLAVICH LAW, P.A.
                            3225 S. MacDill Ave., Suite 129-272
                            Tampa, Florida 33629
                            Phone:    813-422-7782
                            Fax:       813-422-7783

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

I.     **CASE STYLE**

## IN THE COUNTY COURT IN AND FOR BROWARD COUNTY

Arnaldo Alonso,

                                         Case No.:

Plaintiff,

v.

Northland Group, Inc.,

Defendant.

II.     **TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive   category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability—commercial
   ☐ Premises liability—residential
☐ Products liability
☐ Real property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more

Homestead residential foreclosure $0 -  $50,000
Homestead residential foreclosure $50,001 -  $249,999
Homestead residential  foreclosure $250,000 or  more
Nonhomestead residential  foreclosure
  $0 - $50,000
Nonhomestead residential  foreclosure
  $50,001 - $249,999
Nonhomestead residential  foreclosure
  $250,000 or more
Other real property actions $0 -  $50,000
Other real property actions $50,001 -  $249,999
Other real property actions $250,000 or   more
Professional malpractice
  Malpractice—business
  Malpractice—medical
  Malpractice—other  professional
Other
**X  Antitrust/Trade regulation**
_ Business  transactions
_ Constitutional challenge—statute or  ordinance

☐ Constitutional challenge—proposed amendment     Libel/Slander
☐ Corporate trusts                                           Shareholder derivative action
☐ Discrimination—employment or other             Securities litigation
☐ Insurance claims                                   Trade secrets
☐ Intellectual property                             Trust litigation

**III.**    **REMEDIES SOUGHT** (check all that apply):
        **X monetary**;
        **X nonmonetary declaratory or injunctive relief**;
        ☐ punitive

**IV.**    **NUMBER OF CAUSES OF ACTION:** [ 2 ]
        (specify) Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and Florida Consumer Collection
        Practices Act, Fla. Stat. § 559, *et seq.*

**V.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ■**no**

**VI.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ■**no**
        ☐ yes If "yes," list all related cases by name, case number, and court.

**VII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ■**yes**
        ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____    Fla. Bar #___102808_____ Attorney or party
                                                            (Bar # if attorney

      Benjamin Raslavich
(type or print name)                                           10/27/16
                                                           Date

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

ARNALDO ALONSO,

     Plaintiff,

v.                                    Case No.:

NORTHLAND GROUP, INC.,

     Defendant.

_____/

## STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL

Plaintiff ARNALDO ALONSO ("Plaintiff"), by and through his undersigned counsel, seeks redress for the unlawful practices of Defendant, NORTHLAND GROUP, INC. ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

## NATURE OF THE ACTION

**I.**    **THE FAIR DEBT COLLECTION PRACTICES ACT**

1.   The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

1 | P a g e

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (5) The threat to take any action that cannot legally be taken or is not intended to be taken.
>
> […]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

## II.  THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

6.  "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb

what the Legislature evidently found to be a series of abuses in the area of debtor-creditor

relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-

201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the

consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the

FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike

the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting

a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also*

*Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA

applied to "a private individual making an oral, non-interest bearing loan to a friend.").

7.  The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the

FCCPA states:

> In collecting consumer debts, no person shall:
>
> […]
>
> (9) Claim, attempt, or threaten to enforce a debt when such person
> knows that the debt is not legitimate, or assert the existence of some
> other legal right when such person knows that the right does not
> exist.

Fla. Stat. § 559.72.

8.  As set forth in more detail below, Defendant's written communications to Plaintiff violate

the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving

rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

9.  This is an action for damages not to exceed $5,000.00.

10. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA and FCCPA.

11. Venue in this District is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

12. Plaintiff is natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

14. Defendant is a foreign corporation with its principal place of business in Edina, Minnesota.

15. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

16. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

20. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

21. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.,*

*Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

22. Plaintiff is alleged to have incurred a financial obligation to "CITIBANK, N.A." (hereinafter, the "Alleged Debt").

23. The Alleged Debt consists of amounts alleged due for purchases made on a retail branded credit card. These purchases were made for personal, family and/or household purposes.

24. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

25. On or about May 11, 2016, Defendant sent or caused to be sent a letter to Plaintiff (hereinafter, "Defendant's Collection Letter"). A true and correct copy of Defendant's Collection Letter is attached hereto as "Exhibit A."

26. Defendant's collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

27. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

28. Defendant's Collection Letter states that the "Current Balance Due" for the Alleged Debt is "$2,094.95".

29. Defendant's Collection Letter states that the Alleged Debt "will be considered resolved and closed if [Plaintiff] pay[s] the settlement of $1,257.00".

30. The settlement offer contained in Defendant's Collection Letter represents a $837.00

reduction from the current balance due for the Alleged Debt.

31. Defendant's Collection Letter does not state what portion of the aforementioned offer of debt reduction consists of interest, late fees and/or other non-principal amounts.

32. Upon information and belief, at least $238.00 of the amount of the aforementioned offer of debt reduction consists of interest, late fees and/or other non-principal amounts.

33. Upon information and belief, Defendant knew, through documents and/or information provided to Defendant by the creditor(s) of the Alleged Debt and/or account statements for the Alleged Debt, what portion of the aforementioned offer of debt reduction consisted of interest, late fees and/or other non-principal amounts at the time Defendant's Collection Letter was sent yet chose not to provide that information to Plaintiff.

34. Defendant's Collection Letter states that "CITIBANK, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations." (hereinafter, the "IRS Reporting Language").

35. Defendant is not required by law include the IRS Reporting Language in Defendant's Collection Letter.

36. Defendant's Collection Letter implies, by way of the IRS Reporting Language, that any settlement of the Alleged Debt for less than the current balance due will be reported to the IRS.

37. While 26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt during any calendar year to make a return setting forth certain information about the individual and the discharge unless the discharge is for less than $600.00, the associated regulation explains in part that there are exceptions to this reporting requirement, such as the discharge of an amount of indebtedness that consists of interest

and non-principal amounts in certain lending transactions, including lines of credit. *See,* 26 U.S.C. 6050P(a)-(b); 26 C.F.R. § 1.6050P-1(a), (d)(2)-(3).

38. Upon information and belief, the settlement offer contained in Defendant's Collection Letter could not possibly create a reportable event such that CITIBANK, N.A., would be required to notify the IRS.

39. Defendant's Collection Letter discloses neither the $600 threshold nor any of the numerous exceptions to the IRS reporting requirement.

40. Defendant's inclusion of the IRS Reporting Language in Defendant's Collection Letter is a collection ploy designed to deceive or mislead Plaintiff into thinking that the IRS would be notified in the event that Plaintiff settled the Alleged Debt for any amount less than the current balance due and/or on the terms offered in Defendant's Collection Letter.

41. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes/regulations, documents and/or information provided to Defendant by the creditor(s) of the Alleged Debt, the underlying agreement creating the Alleged Debt, and/or account statements for the Alleged Debt, that CITIBANK, N.A. would not be required to notify the IRS in the event Plaintiff settled the Alleged Debt for any amount less than the current balance due and/or on the terms offered in Defendant's Collection Letter.

42. All conditions precedent to the filing of this action have been performed or waived.

## COUNT I – VIOLATION OF THE FDCPA

43. Plaintiff re-asserts and re-alleges paragraphs 1 through 42 as if fully restated herein.

44. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not

show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also*, *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

45. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

46. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

47. Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FDCPA, to wit:

    a.   Sections 1692e and 1692e(10) by implying, by way of the IRS Reporting Language, that any settlement of the Alleged Debt for less than the current balance due would be reported to the IRS. *See, e.g., Kaff v. Nationwide Credit, Inc.*,

13CV5413SLTVVP, 2015 WL 12660327, at *6 (E.D.N.Y. Mar. 31, 2015)("This Court has already concluded that the disputed statement included in the collection letter sent by Nationwide to Kaff was not strictly true under all circumstances because it failed to apprise debtors that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions for interest and other non-principal debts."). This implication is material in that it would impact the least sophisticated consumer's decision making process. *Id.*

b.  Sections 1692e and 1692e(10) by including the IRS Reporting Language in Defendant's Collection Letter. The inclusion of this language is a collection ploy designed to deceive or mislead Plaintiff into thinking that the IRS would be involved in the settlement of the Alleged Debt on the terms offered. *See, e.g., Foster v. Allianceone Receivables Mgt., Inc.*, 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016)("mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead 'a person of modest education and limited commercial savvy.' As a consumer may forego his or her rights related to the disputed debt, by settling the matter without negotiation due to this deception, the statement in question is material."); *Velez v. Enhanced Recovery Co., LLC*, CV 16-164, 2016 WL 1730721, at *2-3 (E.D. Pa. May 2, 2016).

c.  Sections 1692e and 1692e(10) by including the IRS Reporting Language in Defendant's Collection Letter without disclosing what amount of the Alleged Debt consists of principal as opposed to interest, fees and/or other non-principal amounts. This statement and omission would impair the least sophisticated consumer's ability to respond to Defendant's Collection Letter. *See, e.g., Schendzielos v.*

*Borenstein*, 15-CV-00564-RBJ, 2016 WL 614473, at *8 (D. Colo. Feb. 16, 2016)(recognizing that "statements and omissions" are materially misleading where they "could impair the average debtor's ability to make an intelligent decision about how to respond").

d.  Sections 1692e and 1692e(10) by including the IRS Reporting Language in Defendant's Collection Letter without disclosing what amount of the reduction in the Alleged Debt represented in the settlement offer consists of principal as opposed to interest, fees and/or other non-principal amounts. This statement and omission would impair the least sophisticated consumer's ability to respond to Defendant's Collection Letter. *See, e.g., Schendzielos v. Borenstein*, 15-CV-00564-RBJ, 2016 WL 614473, at *8 (D. Colo. Feb. 16, 2016)(recognizing that "statements and omissions" are materially misleading where they "could impair the average debtor's ability to make an intelligent decision about how to respond").

e.  Section 1692e(5) by threatening that CITIBANK, N.A. would notify the IRS in the event Plaintiff settled the Alleged Debt for any amount less than the current balance due and/or on the terms offered in Defendant's Collection Letter.

f.  Section 1692f using unfair or unconscionable means in Defendant's Collection Letter. Specifically, Defendant's Collection Letter unfairly and/or unconscionably implied that a settlement of the Alleged Debt for less than the current amount due would have tax consequences for Plaintiff when Defendant knew that implication to be untrue. *See, e.g., Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1023 (S.D. Ohio 2007)(noting that two "hallmarks of unconscionability" are "a superior economic position and level of sophistication").

48. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to fear, stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

<u>**COUNT II – VIOLATION OF THE FCCPA**</u>

49. Plaintiff re-asserts and re-alleges paragraphs 1 through 42 as if fully restated herein.

50. Defendant, by and through Defendant's Collection Letter, asserted that CITIBANK, N.A. had the legal right, pursuant to the Internal Revenue Code and corresponding IRS regulations, to notify the IRS in the event the Alleged Debt was settled for any amount less than the current balance due.

51. At the time Defendant's Collection Letter was sent, Defendant knew that CITIBANK, N.A. did not have the legal right to notify the IRS in the event the Alleged Debt was settled for any amount less than the current balance due.

52. Defendant, by and through Defendant's Collection Letter, violated Section 559.72(9), Florida Statutes, by asserting the existence of a legal right with knowledge that the right does not exist.

53. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to fear, stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

<u>**DEMAND FOR JURY TRIAL**</u>

54. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against

Defendants, awarding Plaintiff the following relief:

(a)    Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(b)    Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(c)    An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)    A declaration that Defendant's collection effort as detailed herein violate the FCCPA;

(e)    Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(f)    Any other relief that the Court deems appropriate and just under the circumstances.

DATED: October 27, 2016

Respectfully Submitted,

  /s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 102808
**RASLAVICH LAW, P.A.**
3225 S. MacDill Ave., Suite 129-272
Tampa, Florida 33629
Phone:    813-422-7782
Fax:        813-422-7783
E-mail:    Ben@raslavichlaw.com
Counsel for Plaintiff



*Northland Group Inc.*

PAYMENT ADDRESS: P.O. Box 390905
Minneapolis, MN 55439
Mail Code CARE21

866-699-2648 ext 5669
For General Business Hours, please visit us at:
www.payments2northland.com
**May 11, 2016**

**Northland Reference #:** ███8539
Current Balance Due: $2,094.95
**Settlement Offer: $1,257.00**
Creditor: CITIBANK, N.A.
Regarding: GOODYEAR
Original Account #: ████████

Arnaldo Alonso

██████████████████

Pompano Beach, FL 33069



Pay Discounted Settlement offer of $1,257.00

Our client has authorized an immediate settlement on the above referenced account. Your account will be considered resolved and closed if you pay the settlement of $1,257.00 by 06/01/2016. If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer. Upon receipt and clearance of $1,257.00, a letter will be sent confirming the above referenced account has been resolved. Make check payable to Citi.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

CITIBANK, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions.

**Payment Options**
**Pay Online:** www.payments2northland.com
**Pay by phone:** Please call Northland Group Inc at 866-699-2648 ext 5669
**Pay by Mail:** Send payments to PO BOX 390905, Minneapolis, MN 55439

This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.

3-0511_6_3 72

## VERIFIED RETURN OF SERVICE

State of Florida          County of Broward          County Court

Case Number: 16-023216-53-COCE    Court Date: 11/29/2016 9:00 am

Plaintiff:
**ARNALDO ALONSO**

vs.

Defendant:
**NORTHLAND GROUP INC**

For:
BENJAMIN W. RASLAVICH, ESQ
RASLAVICH LAW P.A
3225 S MACDILL AVE
SUITE 129-272
TAMPA, FL 33629

Received by BRACEWELL INVESTIGATIONS on the 27th day of October, 2016 at 12:45 pm to be served on **NORTHLAND GROUP INC C/O CT CORPORATION SYSTEM, 1200 S PINE ISLAND RD, PLANTATION, FL 33324.**

I, CHRIS YEOMAN, do hereby affirm that on the **27th day of October, 2016** at **3:40 pm, I:**

SERVED the within named corporation by delivering a true copy of the **Summons/Notice to Appear for Pre-Trial Conference, Notice of Designation of Email Address for Service of Court Documents. Statement of Claim** at the address of **1200 S PINE ISLAND RD, PLANTATION, FL 33324** with the date and hour endorsed thereon by me to, **JENNIFER DEMARA, INTAKE SPECIALIST** as an employee of the Registered Agent listed with the Florida Division of Corporation, pursuant to F.S. 48.081 (3)(a).

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true, to the best of my knowledge and belief F.S. 92.525 Verification of documents.

**CHRIS YEOMAN**
SPS #262

**BRACEWELL INVESTIGATIONS**
P.O. Box 1127
Tampa, FL 33601-1127
(813) 659-1933

Our Job Serial Number: CIZ-2016009017

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1g



Filing # 48344684 E-Filed 11/04/2016 05:14:07 PM

Filing # 48151351 E-Filed 10/27/2016 08:32:00 AM

Arnaldo Alonso _____
_____ :
_____ :
_____ :
       PLAINTIFF :

VS.

Northland Group, Inc. _____ :
_____ :
_____ :
_____ :
      DEFENDANT

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA
CASE NO. _____
JUDGE _____
DIV _____

### SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

Pretrial Information: Appear at
201 Southeast 6th Street, Fort Lauderdale, FL 33301
on 11/29/2016 at 9:00 AM in Central Ctroom 400.

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S):

| | |
|---|---|
| Arnaldo Alonso | Northland Group, Inc. |
| c/o Rasiavich Law | c/o CT Corporation Systems |
| 3225 S. MacDill Ave, Ste. 129-272 | 1200 South Pine Island Road |
| Tampa, Florida 33629 | Plantation, Florida 33324 |

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom _____ located at _____,
_____ on _____ at _____ for a **PRETRIAL CONFERENCE** before a Judge of this court. See Court Date Info Above

### IMPORTANT  –  READ  CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME.
### DO NOT BRING WITNESSES--APPEAR IN PERSON OR BY ATTORNEY.

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE.** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a **WRITTEN** request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED at _____ Florida, on _____ OCT 27 2016

Filed by: _____
Address: _____

HOWARD
AS CLERK OF THE COURT

By _____

HOWARD C. FORMAN

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, FL 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## VERIFIED RETURN OF SERVICE

State of Florida                    County of Broward                    County Court

Case Number: 16-023216-53-COCE    Court Date: 11/29/2016  9:00 am

Plaintiff:
**ARNALDO ALONSO**

vs.

Defendant:
**NORTHLAND GROUP INC**

For:
BENJAMIN W. RASLAVICH, ESQ
RASLAVICH LAW P.A
3225 S MACDILL AVE
SUITE 129-272
TAMPA, FL 33629

Received by BRACEWELL INVESTIGATIONS on the 27th day of October, 2016 at 12:45 pm to be served on **NORTHLAND GROUP INC C/O CT CORPORATION SYSTEM, 1200 S PINE ISLAND RD, PLANTATION, FL 33324**.

I, CHRIS YEOMAN, do hereby affirm that on the **27th day of October, 2016 at 3:40 pm, I:**

SERVED the within named corporation by delivering a true copy of the **Summons/Notice to Appear for Pre-Trial Conference, Notice of Designation of Email Address for Service of Court Documents. Statement of Claim** at the address of **1200 S PINE ISLAND RD, PLANTATION, FL 33324** with the date and hour endorsed thereon by me to, **JENNIFER DEMARA,   INTAKE SPECIALIST** as an employee of the Registered Agent listed with the Florida Division of Corporation, pursuant to F.S. 48.081 (3)(a).

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true, to the best of my knowledge and belief F.S. 92.525 Verification of documents.

**CHRIS YEOMAN**
SPS #262

**BRACEWELL INVESTIGATIONS**
P.O. Box 1127
Tampa, FL 33601-1127
**(813) 659-1933**

Our Job Serial Number: CIZ-2016009017

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1g

